Charles H. Chevalier
Michael V. Caracappa
FBT GIBBONS LLP
One Gateway Center
Newark, New Jersey 07102-2310
(973) 596-4611
cchevalier@fbtgibbons.com
mcaracappa@fbtgibbons.com

*Counsel for Plaintiffs KuDOS Pharmaceuticals Limited
and The University of Sheffield*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KUDOS PHARMACEUTICALS LIMITED, and THE UNIVERSITY OF SHEFFIELD,<br><br>*Plaintiffs,*<br><br>v.<br><br>NATCO PHARMA LIMITED, NATCO PHARMA INC., and NATCO PHARMA USA LLC<br><br>*Defendants.* | Civil Action No. 26-1711<br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Filed Electronically)** |

Plaintiffs KuDOS Pharmaceuticals Limited and The University of Sheffield file this Complaint against Defendants Natco Pharma Limited, Natco Pharma, Inc., and NATCO Pharma USA LLC (collectively "Natco"), and allege the following:

**Nature of the Action**

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, which arises out of the submission by Natco of Abbreviated New Drug Application No. 221116 ("Natco's ANDA") to the United States Food and Drug Administration seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a generic version of ZEJULA (niraparib) tablets, 100 mg, 200 mg, and 300 mg, ("Natco's

ANDA Product"), prior to the expiration of U.S. Patent No. 8,859,562 ("the '562 patent").

2. Natco notified Plaintiff The University of Sheffield by letter dated January 8, 2026 ("Natco's Notice Letter") that it had submitted Natco's ANDA seeking approval from FDA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of the '562 patent.

## The Parties

3. Plaintiff KuDOS Pharmaceuticals Limited is a private company limited by shares, organized and existing under the laws of England and Wales, whose registered office is at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge CB2 0AA, United Kingdom.

4. Plaintiff The University of Sheffield is a Royal Charter company organized and existing under the laws of England and Wales, whose address is Western Bank, Sheffield S10 2TN, United Kingdom.

5. Upon information and belief, Defendant Natco Pharma Limited is a company organized and existing under the laws of the Republic of India and having a principal place of business at Natco House Road No. 2, Banjara Hills 500 034, Hyderabad, India. Upon information and belief, Natco Pharma Limited is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs, including through various operating subsidiaries and/or agents, including Natco Pharma Inc. and NATCO Pharma USA LLC.

6. Upon information and belief, Defendant Natco Pharma Inc. is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business in New Jersey. Upon information and belief, Natco Pharma Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

7. Upon information and belief, Defendant NATCO Pharma USA LLC is a limited liability company organized and existing under the laws of Delaware and having a principal place of business in New Jersey at Suite C100, 300 Interspace Parkway, Parsippany, NJ 07054. Upon information and belief, NATCO Pharma USA LLC is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceuticals for the U.S. market and serves as the U.S. front end for Natco Pharma Limited.

## Jurisdiction

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

9. Based on the facts alleged in this Complaint, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over Natco Pharma Ltd., Natco Pharma Inc., and NATCO Pharma USA LLC.

10. Natco Pharma Ltd., Natco Pharma Inc., and NATCO Pharma USA LLC are subject to personal jurisdiction in New Jersey because, among other things, those entities have purposefully availed themselves of the benefits and protections of New Jersey's laws such that those entities would reasonably anticipate being haled into court here.

11. On information and belief, Natco Pharma Inc. has a principal place of business in New Jersey.

12. On information and belief, NATCO Pharma USA LLC has a principal place of business in New Jersey.

13. On information and belief, Natco develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of New Jersey, and transacts business within the State of New Jersey related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of New

Jersey.

14. In addition, this Court has personal jurisdiction over Natco because, on information and belief: (1) Natco filed Natco's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product in the United States, including in New Jersey; and (2) upon approval of Natco's ANDA, Natco will directly, or indirectly through subsidiaries, intermediaries, distributers, retailers, or others, market, distribute, offer for sale, sell, and/or import Natco's ANDA Product in the United States, including in New Jersey; and will derive substantial revenue from the use or consumption of Natco's ANDA Product in New Jersey. *See Acorda Therapeutics Inc. v. Mylan Pharms. Inc.*, 817 F.3d 755, 763 (Fed. Cir. 2016). On information and belief, upon approval of Natco's ANDA, Natco's ANDA Product will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in New Jersey; prescribed by physicians practicing in New Jersey; dispensed by pharmacies located within New Jersey; and/or used by patients in New Jersey, all of which would have a substantial effect on New Jersey.

15. This Court has personal jurisdiction over Natco Pharma Ltd. and Natco Pharma Inc. because those entities (1) engage in patent litigation concerning Natco's products in this District, and (2) do not contest personal jurisdiction in this District. *See, e.g.*, *Gilead Sciences, Inc. v. Natco Pharma Ltd.,* Civ. No. 11-1455, Dkt. No. 24 (D.N.J. Sept. 30, 2011).

16. For the above reasons, it would not be unfair or unreasonable for Natco to litigate this action in this District, and the Court has personal jurisdiction over all three Natco entities here.

**Venue**

17. Venue is proper in this District as to Natco Pharma Ltd. pursuant to 28 U.S.C. § 1391 because, on information and belief, Natco Pharma Ltd. is a foreign corporation that may be

sued in any judicial district in which it is subject to the Court's personal jurisdiction.

18. Venue is proper in this District as to Natco Pharma Inc. pursuant to 28 U.S.C. § 1400(b), at least because, on information and belief, Natco Pharma Inc. has committed, or will commit, an act of infringement in this District, and has a regular and established place of business in this District.  Venue is proper as to Natco Pharma Inc. because, on information and belief:  (1) Natco filed Natco's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product in the United States, including in New Jersey; and (2) upon approval of Natco's ANDA, Natco will act directly, or indirectly through subsidiaries, intermediaries, distributers, retailers, or others, to market, distribute, offer for sale, sell, and/or import Natco's ANDA Product in the United States, including in New Jersey; and will derive substantial revenue from the use or consumption of Natco's ANDA Product in New Jersey.

19. Venue is proper in this District as to NATCO Pharma USA LLC pursuant to 28 U.S.C. § 1400(b), at least because, on information and belief, NATCO Pharma USA LLC has committed, or will commit, an act of infringement in this District, and has a regular and established place of business in this District.  Venue is proper as to NATCO Pharma USA LLC because, on information and belief:  (1) Natco filed Natco's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product in the United States, including in New Jersey; and (2) upon approval of Natco's ANDA, Natco will act directly, or indirectly through subsidiaries, intermediaries, distributers, retailers, or others, to market, distribute, offer for sale, sell, and/or import Natco's ANDA Product in the United States, including in New Jersey; and will derive substantial revenue from the use or consumption of Natco's ANDA Product in New Jersey.

20. Venue is proper as to Natco Pharma Ltd. and Natco Pharma Inc. in this District because those entities (1) engage in patent litigation concerning Natco's products in this District, and (2) do not contest venue in this District. *See, e.g., Gilead Sciences, Inc. v. Natco Pharma Ltd.,* Civ. No. 11-1455, Dkt. 24 (D.N.J. Sept. 30, 2011).

## Factual Background

21. ZEJULA is approved by FDA for the treatment of certain cancers. The active pharmaceutical ingredient in ZEJULA is niraparib, a poly (ADP-ribose) polymerase (PARP) inhibitor.

22. In Natco's Notice Letter, Natco states that the subject of Natco's ANDA is niraparib tablets, 100 mg, 200 mg, and 300 mg. In Natco's Notice Letter, Natco states that Natco's ANDA was submitted under 21 U.S.C. § 355(j)(1) and § 355(j)(2)(A). On information and belief, Natco's ANDA Product is a generic version of ZEJULA.

23. The purpose of Natco's submission of Natco's ANDA was to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product.

24. In Natco's Notice Letter, Natco stated that it had submitted Paragraph IV Certifications to FDA alleging that, *inter alia*, U.S. Patent No. 8,859,562 is invalid, unenforceable, and/or not infringed, and that Natco is seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Natco's ANDA Product prior to the expiration of the '562 patent.

25. On information and belief, Natco has not challenged U.S. Patent No. 8,071,579 or U.S. Patent No. 8,143,241, which are listed in connection with ZEJULA in the FDA's Orange Book and expire on August 12, 2027. On information and belief, Natco has not challenged U.S. Patent No. 8,436,185, which is listed in connection with ZEJULA in the FDA's Orange Book

and expires on April 24, 2029.  On information and belief, Natco has not challenged U.S. Patent No. 8,071,623, which is listed in connection with ZEJULA in the FDA's Orange Book and expires on March 27, 2031.  On information and belief, following the expiration of those patents, Natco will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product immediately upon FDA approval of Natco's ANDA.

### Count I – Infringement of the '562 Patent Under 35 U.S.C. § 271(e)(2)

26. On October 14, 2014, the USPTO duly and lawfully issued the '562 patent, entitled "Use of RNAi Inhibiting PARP Activity for the Manufacture of a Medicament for the Treatment of Cancer."  A copy of the '562 patent is attached hereto as Exhibit A.

27. Plaintiff The University of Sheffield is the assignee of the '562 patent.  Plaintiff KuDOS Pharmaceuticals Limited is the exclusive licensee of the '562 patent and has the right to enforce the '562 patent against infringers.

28. The '562 patent claims, *inter alia*, a method of treatment of cancer cells defective in homologous recombination (HR).

29. Methods of using ZEJULA are covered by claim 1 of the '562 patent and the '562 patent has been listed in connection with ZEJULA in the FDA's Orange Book.

30. Natco's submission of Natco's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of the '562 patent was an act of infringement of the '562 patent under 35 U.S.C. § 271(e)(2)(A).

31. On information and belief, the use of Natco's ANDA Product in accordance with and as directed by Natco's proposed prescribing information and labeling for Natco's ANDA Product would infringe claim 1 of the '562 patent.

32. On information and belief, Natco Pharma Ltd., Natco Pharma Inc., and NATCO

Pharma USA LLC were aware of the '562 patent at least as of the time of submitting Natco's ANDA with Natco's Paragraph IV certification to the FDA with respect to the '562 patent.

33. On information and belief, Natco Pharma Ltd., Natco Pharma Inc., and NATCO Pharma USA LLC plan and intend to, and will, actively induce infringement of the '562 patent.

34. On information and belief, Natco Pharma Ltd., Natco Pharma Inc., and NATCO Pharma USA LLC plan and intend to, and will, contribute to infringement of the '562 patent and know that Natco's ANDA Product and its proposed labeling are not suitable for substantial non-infringing use.

35. The foregoing actions by Natco Pharma Ltd., Natco Pharma Inc., and NATCO Pharma USA LLC constitute and/or will constitute infringement of the '562 patent, active inducement of infringement of the '562 patent, and contribution to the infringement by others of the '562 patent.

36. On information and belief, Natco Pharma Ltd., Natco Pharma Inc., and NATCO Pharma USA LLC have acted with knowledge of the '562 patent and without a reasonable basis for believing that those entities would not be liable for infringement of the '562 patent, and for inducing and contributing to the infringement by others of the '562 patent.

37. Unless Natco Pharma Ltd., Natco Pharma Inc., and NATCO Pharma USA LLC are enjoined from infringing the '562 patent, actively inducing the infringement of the '562 patent, and contributing to the infringement by others of the '562 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**Count II – Declaratory Judgment of Infringement of the '562 Patent**

38. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on the one hand and Natco Pharma Ltd., Natco Pharma Inc., and NATCO Pharma USA LLC on the

other regarding infringement and/or invalidity of the '562 patent.

39. The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Natco's ANDA Product with its proposed labeling, or any other Natco drug product that is covered by or whose use is covered by the '562 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '562 patent, and that the claims of the '562 patent are valid and enforceable.

## Prayer for Relief

WHEREFORE, Plaintiffs respectfully request the following relief:

1. A judgment that the '562 patent has been infringed under 35 U.S.C. § 271(e)(2) by Natco's submission to the FDA of Natco's ANDA;

2. A judgment that the '562 patent is valid and enforceable;

3. A judgment pursuant to 35 U.S.C. § 271(e)(4)(A) ordering that the effective date of any FDA approval of Natco's ANDA and for Natco Pharma Ltd., Natco Pharma Inc., and NATCO Pharma USA LLC to make, use, offer for sale, sell, market, distribute, or import Natco's ANDA Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '562 patent, shall not be earlier than the latest of the expiration dates of the '562 patent, inclusive of any extension(s) and additional period(s) of exclusivity.

4. A preliminary and permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) enjoining Natco Pharma Ltd., Natco Pharma Inc., NATCO Pharma USA LLC, their officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from making, using, selling, offering for sale, marketing, distributing, or importing Natco's ANDA

        Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '562 patent, or the inducement of or the contribution to any of the foregoing, prior to the latest of the expiration dates of the '562 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

5. An order pursuant to this Court's equitable power that the effective date of any final approval of Natco's ANDA shall be a date that is not earlier than the latest of the expiration date of the '562 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

6. A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing Natco's ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '562 patent, prior to the expiration date of the '562 patent, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the '562 patent;

7. A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

8. An award of Plaintiffs' costs and expenses in this action; and

9. Such further and other relief as this Court may deem just and proper.

Dated: February 20, 2026             Respectfully submitted,

                                              *s/Charles H. Chevalier*

Charles H. Chevalier
Michael V. Caracappa
FBT GIBBONS LLP
One Gateway Center
Newark, New Jersey 07102-2310
(973) 596-4611
cchevalier@fbtgibbons.com
mcaracappa@fbtgibbons.com

*Of Counsel:*
David I. Berl
David M. Krinsky
Elise M. Baumgarten
Kevin Hoagland-Hanson
Nicholas Vincent
Falicia Elenberg
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
dberl@wc.com
dkrinsky@wc.com
ebaumgarten@wc.com
khoagland-hanson@wc.com
nvincent@wc.com
felenberg@wc.com

*Counsel for Plaintiffs KuDOS Pharmaceuticals Limited and The University of Sheffield*